# EXHIBIT

# A

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G. L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| | | **EQUITABLE REMEDIES** | | E11 Worker's Compensation | (X) |
| *TORT | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence- | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| personal injury/property damage | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-Medical | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, | |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D99 Other (Specify) | (F) | E21 Protection from Harassment c 258E | (X) |
| B15 Defamation (Libel-Slander) | (A) | | | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes     [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed**, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF   SUFFOLK | DOCKET NO.   15-2923D |
|---|---|---|

| PLAINTIFF(S)<br>**Herald Media Holdings, Inc. and**<br>**The Boston Herald, Inc.** | DEFENDANT(S)   **Allied World Surplus Lines Insurance**<br>**Company f/k/a Darwin Select Insurance**<br>**Company** |
|---|---|

| Plaintiff Atty | Robert J. Gilbert, Esq. | Type Defendant's Attorney Name |
|---|---|---|
| Address | Gilbert & Renton LLC, 344 North Main Street | Defendant Atty |
| City | Andover    State MA    Zip Code 01810 | Address |
| Tel. | +1 (978) 475-7580    BBO# 565,466 | City    State    Zip Code |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.          TYPE OF ACTION (specify)          TRACK          IS THIS A JURY CASE?

**A99 Other (specify ) - Fast Track**          ⦿ ] Yes    ◯ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.    Documented medical expenses to date:
1. Total hospital expenses                                                    $_____
2. Total doctor expenses                                                     $_____
3. Total chiropractic expenses                                              $_____
4. Total physical therapy expenses                                       $_____
5. Total other expenses (describe)                                       $_____
                                                                    Subtotal $_____
B.    Documented lost wages and compensation to date                   $_____
C.    Documented property damages to date                                $_____
D.    Reasonably anticipated future medical expenses                   $_____
E.    Reasonably anticipated lost wages and compensation to date    $_____
F.    Other documented items of damages (describe)                     $_____

G.    Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                    Total $_____

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

| Plaintiffs allege insurer breached its insurance obligations by failing to reimburse its insured<br>reasonable defense costs. | **TOTAL** $650,000+ |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC
Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the
advantages and disadvantages of the various methods."
Signature of Attorney of Record _____          Date:   9-25-15
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, S.S.                                          SUPERIOR COURT DEPT.
                                                          OF THE TRIAL COURT

HERALD MEDIA HOLDINGS, INC. and THE     )
BOSTON HERALD, INC.                      )
    Plaintiffs,                          )
                                         )
    v.                                    )    C.A. No. ___15-2923D___
                                         )
ALLIED WORLD SURPLUS LINES               )
INSURANCE COMPANY f/k/a                  )
DARWIN SELECT INSURANCE COMPANY,         )
    Defendant.                           )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.   Herald Media Holdings, Inc., and its wholly owned indirect subsidiary Boston Herald,

Inc. (collectively, "Boston Herald" or the "Herald") bring this complaint and jury demand

against Allied World Surplus Lines Insurance Company ("Allied World")[1] for Allied World's

failure to pay the full measure of reasonable defense expenses incurred by Boston Herald in

defense of a libel suit.

2.   As alleged herein, the terms of a Media Liability Insurance Policy Allied World issued to

Herald Media Holdings, Inc., contractually obligates Allied World to pay all reasonable defense

expenses incurred in defense of media liability claims.

3.   Allied World breached this obligation by failing to pay approximately $650,000 in

defense expenses Boston Herald incurred defending the lawsuit captioned *Marinova v. Boston

Herald, Inc., et al.*, Civ. No. SUCV2010-01316 (Suffolk Sup. Ct.).

---

[1]   As described in Paragraph 7 herein, Darwin Select Insurance Company originally issued the policy at the
center of this litigation.  Upon information and belief, Darwin Select Insurance Company renamed itself
Allied World Surplus Lines Insurance Company in 2014.  For convenience, Boston Herald refers to the
defendant as "Allied World" throughout the Complaint.

1

4.   One or about March 25, 2015, Boston Herald served a demand upon Allied World and its counsel pursuant to G.L. c. 93A and G.L. c. 176D. Far from making a reasonable offer of settlement, Allied World responded to this letter with a threat that, should Boston Herald pursue the matter further, Allied World would seek to recoup substantial sums already paid as defense costs despite the fact that Allied World knew (or should have known) that it had no right to seek such recoupment.

## PARTIES

5.   Plaintiff Herald Media Holdings, Inc., is a corporation incorporated under the laws of the state of Delaware with a principal place of business at 70 Fargo Street, Boston, Massachusetts, 02210.  Herald Media Holdings, Inc. is the parent holding company and sole direct owner of its subsidiary, Herald Media Inc.  Herald Media Inc. is the holding company and sole direct owner of its subsidiary, Boston Herald, Inc.

6.   Plaintiff Boston Herald, Inc. is a corporation incorporated under the laws of state of Delaware with a principal place of business at 70 Fargo Street, Boston, Massachusetts, 02210.

7.   Defendant Allied World Surplus Lines Insurance Company ("Allied World) is a corporation incorporated under the laws of the state of Delaware with a principal place of business in Connecticut.  Upon information and belief, prior to 2014, Allied World was known as Darwin Select Insurance Company ("Darwin"), the name under which the Policy at issue in this litigation was issued.

## JURISDICTION

8.   The jurisdiction of this Court is properly invoked under Massachusetts law. This Court has jurisdiction over this matter pursuant to G.L. c. 212 §3, as this is a civil action for money damages, and Plaintiffs are likely to recover in excess of $25,000.

9.   Venue is properly laid in this county, as Plaintiffs maintain a principal place of business and suffered damages within Suffolk County.

## FACTS

10. The Boston Herald reports on a wide variety of local, national, and international issues.

11. For the period June 30, 2008, to June 30, 2009 (the "Policy Period"), Allied World insured Boston Herald against media liability claims (such as defamation and libel) under Media Liability Insurance Policy no. 0304-0045 (the "Policy") it issued to Boston Herald.  Ex. A.

12. The limit of liability for the Policy Period remains unexhausted.  The unpaid defense costs sought by Boston Herald in this action will not exhaust the Policy's limits of liability.

13. The Policy includes Defense Expenses within the limit of liability, and defines the term as follows:

> Defense Expense means the following, when authorized or approved by the **Insurer**; reasonable legal fees and expenses incurred by or on behalf of the **Insured** in the investigation, defense, settlement or appeal of a **Claim**; reasonable legal fees to respond to a retraction or correction request; and, the cost of any bond or appeal bond required in any civil suit, provided that the **Insurer** shall not be obligated to apply for or furnish any such bond.

> **Defense Expenses** will not include the **Insured's** overhead expenses or any salaries, wages, fees, or benefits of any natural person **Insureds**.

14. In March of 2010, an individual named Joanna Marinova filed a lawsuit against Boston Herald and one of its reporters, captioned *Marinova v. Boston Herald, Inc., et al.*, Civ. No. SUCV2010-01316 (Suffolk Sup. Ct.) (the "Underlying Lawsuit").  Marinova brought her case against Boston Herald, Inc., an indirect, wholly owned subsidiary of Herald Media Holdings, Inc., the named insured under the Policy.  Per the Policy definition of "Insured," Allied World owed a contractual obligation to insure against the claim, including coverage for defense expenses.

3

15. Boston Herald provided timely notice of the claim to Allied World, and Allied World agreed to pay Boston Herald's reasonable defense expenses.

16. Boston Herald vigorously defended itself against the allegations in the Underlying Lawsuit.

17. Boston Herald retained Brown, Rudnick LLP to defend it through an initial motion for summary judgment in the Underlying Lawsuit.  Thereafter, Boston Herald transitioned the defense of the Underlying Lawsuit to Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. Allied World approved the transition of the defense from Brown Rudnick to Mintz Levin.

18. Throughout the defense of the case, Allied World received regular substantive updates on the course of the defense and occasionally responded to them.

19. Ultimately, the case proceeded to trial.

20. The trial lasted seventeen days and included the testimony of over 20 fact and expert witnesses.

21. In March of 2014, a jury returned a verdict in favor of the plaintiff in the Underlying Lawsuit.

22. Boston Herald incurred defense expenses of approximately $2.25 million in connection with the Marinova lawsuit.  The defense expenses incurred by Boston Herald in its defense of the Underlying Litigation reasonably reflected the complexity of the matter, the importance of the case to the core business of Boston Herald, the potential liability faced by Boston Herald, and the market rates for legal services provided by experienced and qualified media liability counsel practicing in the Boston area.

23. Despite Boston Herald's documented view that it had excellent arguments to either reduce the judgment or completely reverse the judgment on appeal, Allied World insisted upon abandoning all appellate options and simply paying the judgment.

24. Following payment of the judgment, Allied World, which had already fallen behind on paying defense invoices, continued to disregard its obligation to pay Boston Herald's reasonable defense costs.

25. Instead of fully and fairly paying Boston Herald's reasonable defense costs, Allied World has instead raised unfounded, after-the-fact criticisms of the defense costs incurred by Boston Herald.  By way of example, and without limitation, Allied World has insisted on paying hourly rates that are substantially below market value; has refused to pay for reasonable fees and costs for services that Allied World unilaterally deemed to be "duplicative" of other work (without actually identifying the duplication involved); (3) has withheld substantial portions of the costs and fees incurred by Brown Rudnick for legal work directly contributing to the defense of the Marinova matter; and has otherwise simply refused to pay certain costs and fees incurred during the defense and trial of the Underlying Lawsuit.

26. After Boston Herald challenged Allied World's unilateral, after-the-fact complaints about legal services, Allied World retained a legal audit firm to conduct a so-called "audit" of Boston Herald's legal bills, the sole purpose of which was to provide a *post hoc* justification for reductions that Allied World had already unilaterally imposed.

27. Allied World has also unreasonably relied upon its purported set of "Billing Guidelines" as grounds for denying its obligation to pay all of Boston Herald's reasonable defense costs. However, Allied World has pointedly failed to respect the portion of those guidelines emphasizing that the paramount consideration in determining appropriate legal activities and

staffing is the professional judgment of the attorneys approved by Allied World to conduct such defense; and Allied World also disregards its own assent to the strategic decisions that resulted in the legal activities that it now declines to pay for. Moreover, most or all of the costs that Allied World has refused to pay were, in fact, incurred in compliance with such Billing Guidelines.

28. Even including all submitted defense expenses (both paid and unpaid), the Policy limit has not been exhausted for the Policy Period.

29. As a result of Allied World's refusal to pay, Boston Herald has been damaged in an amount of at least $650,000, not including costs and interests. This amount reflects the defense expenses incurred by Boston Herald and paid to its defense counsel, but not yet paid by Allied World.

## COUNT I
## BREACH OF CONTRACT

30. Plaintiffs restate Paragraphs 1 through 29 as though they were fully stated herein.

31. Plaintiffs have a valid insurance contract with Allied World requiring Allied World to pay all reasonable defense costs incurred by Boston Herald in the Underlying Litigation.

32. Plaintiffs satisfied all of their obligations under the contract, including the timely payment of all premiums due under the contract.

33. Allied World has failed to comply with its contractual obligation to pay all reasonable defense expenses incurred by Boston Herald in defense of the Underlying Lawsuit.

34. As a result of Allied World's breach of contract, Plaintiffs have sustained damages in an amount to be determined at trial, but not less than $650,000.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

35. Plaintiffs restate Paragraphs 1 through 34 as though they were fully stated herein.

36. Under Massachusetts law, all parties to a contract owe each other a covenant of good faith and fair dealing.

37. There existed a valid contract between Plaintiffs and Allied World for the claims occurring during the Policy Period.

38. Allied World has breached the covenant of good faith and fair dealing by relying upon unsupported and unsupportable reasons to refuse pay all reasonable defense costs incurred by Boston Herald in defense of the Underlying Lawsuit.

39. For example, and without limitation, Allied World has unfairly applied its own "Billing Guidelines" to deny payment requests for costs and fees already incurred by Boston Herald.

40. Allied World also required that Boston Herald not pursue its rights on appeal, instead requiring it to accept the judgment of the trial court in the Underlying Lawsuit.  Allied World then used the existence of the adverse judgment as grounds for refusing to pay defense costs, despite the fact that Boston Herald had strong arguments to appeal and vacate the judgment.

41. After Boston Herald disputed Allied World's grounds for these unilateral reductions, Allied World eventually retained a legal auditing firm to conduct a *post hoc* "audit" that it then relied upon to justify reductions it had already imposed.

42. Allied World also pursued a "best defense is a good offense" strategy by responding to Boston Herald's demand for full payment by threatening to seek recoupment of amounts already paid.  Allied World had never previously reserved the right to seek such recoupment.  Further, Allied World had secured no agreement from Boston Herald that such recoupment would be allowed.  In short, Allied World had no colorable legal or factual basis upon which to demand

7

recoupment. Thus, rather than honoring the special duty that Massachusetts law imposes upon insurers who agree to defend their policyholders, Allied World has employed threats of unjustified counterclaims in an attempt to coerce Boston Herald not to pursue its contractual right to a full and complete defense.

43. Such actions are examples of bad faith on the part of Allied World with respect to its denial of its obligations under the Policy.

44. As a result of these breaches of the covenant of good faith and fair dealing, Plaintiffs have suffered damages in an amount to be determined at trial, but not less than $650,000.

## COUNT III
## VIOLATIONS OF G.L. c. 93A, §§ 2 and 11 & G.L. c. 176D

45. Plaintiffs restate Paragraphs 1 through 44 as though they were fully stated herein.

46. At all relevant times, Plaintiffs and Allied World were engaged in trade or commerce within the meaning of G.L. c. 93A §§ 2 and 11.

47. In its handling of Boston Herald's claims for payment of reasonable defense expenses, Allied World has engaged in unfair claim settlement practices without justification and in bad faith, including but not limited to:

    a.   engaging in a *post-hoc* attack on the competency of defense counsel as a means to avoid paying reasonable defense costs;

    b.   refusing to permit Boston Herald to appeal an adverse judgment against it, and then using the existence of that adverse judgment as a reason to deny payment of defense costs;

    c.   applying a set of "billing guidelines" to defense bills in an arbitrary, erroneous and unfair manner in such a way as to disregard reasonable defense expenses,;

d.   ignoring those portions of the guidelines requiring Allied World to pay for defense costs incurred in the reasonable professional judgment of defense counsel, even though Allied World not only approved the selection of such counsel but also approved the strategy decisions that resulted in the defense activities for which it now refuses to pay;

e.   utilizing the services of a "legal auditor" to create a *post hoc* justification for unilateral reductions in defense invoices that it had already decided to impose and in fact had imposed months or years earlier;

f.   delaying prompt paying of reasonably incurred defense expenses, with knowledge that such sums were owed to its policyholders; and

g.   threatening Boston Herald with meritless counterclaims if it refused to abandon its meritorious demand for full and fair payment of its reasonable defense costs.

48. The acts and practices engaged in by Allied World in its handling of Plaintiffs' claims for payment go far beyond ordinary claims-handling activity and, instead, rise to the level of unfair and deceptive acts and practices within the meaning of G.L. c. 93A §§ 2 and 11.

49. On or about March 25, 2015, counsel for Plaintiffs sent a demand letter pursuant to Chapter 93A to Allied World and its counsel. Despite subsequent correspondence between the parties, to date, Allied World has failed to make a reasonable settlement offer.

50. As a result of these unfair and deceptive practices, Plaintiffs have suffered damages in an amount to be determined at trial, but not less than $650,000.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand the following relief:

a) Damages in such amounts as this Court may determine that Boston Herald has sustained as a result of conduct described herein, including but not limited to the full amount of defense expenses for which Boston Herald seeks payment, plus interest and costs;

b) Exemplary and/or multiple damages, including without limitation double to treble the amount of defense costs unreasonably withheld by Allied World;

c) Attorneys' fees and costs incurred by Boston Herald in pursuing unpaid defense costs and in bringing the present action; and

d) Such other and further relief as the facts and law warrant and as justice requires.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

HERALD MEDIA HOLDINGS, INC. and
BOSTON HERALD, INC.
By their attorneys,

Robert J. Gilbert (BBO# 565466)
Dennis N. D'Angelo (BBO# 666864)
GILBERT & RENTON LLC
344 North Main Street
Andover, MA  01810
Telephone: (978) 475-7580
Facsimile: (978) 475-1881
rgilbert@gilbertandrenton.com
ddangelo@gilbertandrenton.com

Date: September  25, 2015

3

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, S.S.                                            SUPERIOR COURT DEPT.
                                                          OF THE TRIAL COURT

| | |
|---|---|
| HERALD MEDIA HOLDINGS, INC. and THE BOSTON HERALD, INC. | ) ) |
|     Plaintiffs, | ) ) |
| v. | )   C.A. No.  SUCV2015-02923-D |
| | ) |
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY f/k/a DARWIN SELECT INSURANCE COMPANY, | ) ) ) |
|     Defendant. | ) ) |

## **AFFIDAVIT OF SERVICE**

I, Dennis N. D'Angelo, do hereby depose and state as follows:

1.      I am the age of majority, and I make this affidavit freely, voluntarily and based on my own firsthand personal knowledge.  I am an attorney admitted to practice law in the Commonwealth of Massachusetts.

2.      On October 2, 2015, I served true copies of the Summons, Civil Action Cover Sheet, and Complaint in this action upon the Defendant Allied World Surplus Lines Insurance Company f/k/a Darwin Select Insurance Company, by U.S. Mail, Certified and Return Receipt Requested, postage prepaid, according to Mass. R. Civ. P. 4(e)(3) and Mass. Gen. L. c. 223A.  A copy of the Summons is attached hereto as Exhibit A.

3.      The Return Receipt indicates delivery of the pleadings referenced above was effected on October 6, 2015.  A true and accurate copy of the executed Return Receipt is attached hereto as Exhibit B.

Signed under the pains and penalties of perjury this 22th day of October, 2015.

_____
Dennis N. D'Angelo

1

# EXHIBIT

# A

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 15-2923D

Herald Media Holdings, Inc. and
The Boston Herald Inc. , Plaintiff(s)

v.

Allied World Surplus Lines Insurance Company
f/k/a Darwin Select Insurance Company , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon Robert J. Gilbert, Esq. Gilbert & Renton LLC

plaintiff's attorney, whose address is 344 No. Main St. Andover MA 01810 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at Boston, the __29th__ day of __September__, in the year of our Lord two thousand __fifteen__.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV. P. 1 12M – 1/15

**PROOF OF SERVICE OF PROCESS**

    I hereby certify and return that on _____, 201\_\_\_, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 201\_\_\_.        _____

**N.B.**    **TO PROCESS SERVER: –**
           **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
           **THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

                                               , 201   .

---

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 15-2923D

Herald Media Holdings, Inc. and
Boston Herald, Inc.

, Plff(s).

v.

Allied World Surplus Lines Insurance
Company f/d/a Darwin Select Insurance
Company

, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# EXHIBIT

# B

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| 9214 7969 0099 9790 1604 1425 54 | A. Signature ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name) Nathan Carey |
| | C. Date of Delivery 10/10/15 |

1. Article Addressed to:

   Stephen J. Sills or Nominee
   Allied World Surplus Lines Ins. Co.
   f/k/a Darwin Select Ins. Co.
   1690 New Britain Avenue, #101
   Farmington, CT 06032

D. Is delivery address different from Item 1? ☐ Yes
   If YES enter delivery address below: ☐ No

9290 9969 0099 9704 1425 61

3. Service Type ☒ Certified

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811          Domestic Return Receipt